IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH BOULWARE, | ) | |
|     Plaintiff | ) | Civil Action No. 15-300 Erie |
| | ) | |
| v. | ) | |
| | ) | Magistrate Judge Baxter |
| DEPUTY OVERMYER, et al., | ) | |
|     Defendants. | ) | |

### MEMORANDUM OPINION[1]

United States Magistrate Judge Susan Paradise Baxter.

## I.    INTRODUCTION

### A.    Relevant Procedural and Factual History

On December 14, 2015, Plaintiff Kenneth Boulware, an inmate formerly incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania ("SCI-Forest"),[2] initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, against the following named Defendants, all of whom were staff members at SCI-Forest at the time Plaintiff filed this action: Deputy Overmyer ("Overmyer"); Deputy Oveborlander ("Oveborlander"); Major Ennis ("Ennis"); Lt. Haggerty ("Haggerty"); Lt. Davis ("Davis"); Lt. Dickey ("Dickey"); Lt. Murin ("Murin"); Sgt. Cochren ("Cochren"); Sgt. Anthony ("Anthony"); C.O. Mulloly ("Mulloly"); C.O. Drayer ("Drayer"); Dr. Simon ("Simon"); Nurse Hill ("Hill"); and C.O. Baumeratz ("Baumeratz").

---

[1] All parties have consented to having a United States Magistrate Judge exercise jurisdiction over this matter. [ECF Nos. 4, 44].

[2] Plaintiff is presently incarcerated at the State Correctional Institution at Fayette in LaBelle, Pennsylvania. [ECF No. 40].

Although not entirely clear from Plaintiff's narrative complaint, it appears Plaintiff is alleging the following claims: (1) a Fourteenth Amendment due process claim arising from the theft of a television he purchased for his cell by another inmate, which occurred on December 6, 2014, during recreation time when the cell doors allegedly should have been closed (ECF No. 3, Complaint, at pp. 5, 10-12); (2) An Eighth Amendment excessive force claim against Defendants Drayer, Mulloly, Cochren, Baumeratz, and Murin arising from an incident that occurred on November 11, 2015 (Id. at p. 6); (3) An Eighth Amendment failure to protect claim alleging that Defendants failed to prevent him from being raped by another inmate on November 18, 2015, after he had informed them of threats he was receiving from other inmates (Id. at pp. 9, 13); (4) An Eighth Amendment claim of deliberate indifference to serious medical needs alleging inadequate medical and/or psychological care (Id. at pp. 6, 12, 14, 16); and (5) An Eighth Amendment conditions of confinement claim related to the denial of "several" showers and meals, and continual harassment by correctional officers (Id. at 12).

On June 16, 2016, Defendants filed a partial answer to Plaintiff's complaint [ECF No. 38], and a partial motion to dismiss Plaintiff's Fourteenth Amendment due process claim only [ECF No. 37]. Plaintiff has since filed a response to Defendants' partial motion to dismiss [ECF No. 41]. That motion is now ripe for consideration.

**B.** **Standards of Review**

    **1.** **Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim

to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). See also Ashcroft v. Iqbal, 556 U.S. 662, 678 (May 18, 2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). A Plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C.Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit subsequently expounded on the Twombly/Iqbal line of cases:
> To determine the sufficiency of a complaint under Twombly and Iqbal,

> we must take the following three steps:
>
> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### **2.** *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) ("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

## **II.    DISCUSSION**

Defendants argue that Plaintiff's Fourteenth Amendment due process claim must fail because the availability of a prison grievance procedure satisfies all the requirements of due

4

process. The Court agrees.

The Due Process Clause was promulgated to secure individuals from the arbitrary exercise of the powers of government. The procedural aspect of the Due Process Clause guarantees the availability of certain procedural mechanisms, typically the right to notice and a hearing, before the government can deprive an individual of a liberty or property interest. In the context of depriving an inmate of his property, however,

> ... the Supreme Court has held that meaningful post-deprivation remedies provide sufficient due process for negligent deprivations of property, Parratt v. Taylor, 451 U.S. 527, 530 (1981), and intentional deprivations of property, Hudson v. Palmer, 468 U.S. 517, 533 (1984), and that requiring a pre-deprivation hearing would be absurd since it would be impossible to determine when a negligent or intentional deprivation of property would occur. Zinermon v. Burch, 494 U.S. 113, 117 (1990). **The Court of Appeals has held that the DOC's grievance procedure provides an adequate post-deprivation remedy**, see e.g. Tillman v. Lebanon County Corr. Fac., 121 F.3d 410, 422 (3d Cir. 2000), **and that the existence of this post-deprivation remedy forecloses any due process claim**, Austin v. Lehman, 893 F.Supp. 448, 454 (E.D.Pa. 1995) even if an inmate is dissatisfied with the result of the process. Iseley v. Horn, 1996 WL 510090, at * 6 (E.D.Pa. Sept. 3, 1996). As [the inmate plaintiff] admits to having used the grievance procedure to attempt the return of his [property], he had access to an adequate post-deprivation remedy and even if there had been a violation of his liberty interest he was not denied the right to due process of law.

Pettaway v. SCI Albion, 2012 WL 366782 at *3-4 (W.D.Pa. Feb. 2, 2012), appeal dismissed, 487 Fed. Appx. 766 (3d Cir. 2012), citing Brooks v. DiGuglielmo, 2008 WL 5187529 at * 6 (E.D.Pa. Dec. 9, 2008) (emphasis added). See also Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008) ("[b]ecause prisons are constitutionally required to afford inmates only a post-deprivation remedy, we agree that the defendants' failure to give the inmates prior notice of their intended seizure of their materials did not violate the plaintiffs' Due Process rights"); Banks v. Beard, 2006 WL 2192015 at * 15 (W.D.Pa. Aug. 1, 2006)(regarding inmate plaintiff's claim that he was permanently dispossessed of his property, "[t]he Commonwealth of Pennsylvania provides an adequate post deprivation remedy in the forms of the DOC grievance system and/or a state law tort law suit against the Defendants... [which] satisfy the Fourteenth Amendment's procedural due process guarantee") (citations omitted).

Here, as in Pettaway, Plaintiff admits that he utilized the DOC's grievance process to attempt to obtain the return of the property he claims was improperly taken from his cell and never returned to him. Thus, he was provided access to an adequate post-deprivation remedy that has been held to satisfy his procedural due process rights, despite the fact that he is dissatisfied with the outcome. Accordingly, Plaintiff's due process claim is without merit and will be dismissed.

An appropriate Order follows.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Date: March 7, 2017